Charles Lee FOSTER, an inmate at the
Wyoming State Penitentiary,
Petitioner,

v.

The WARDEN OF the WYOMING STATE
PENITENTIARY, Respondent.

No. 4057.

Supreme Court of Wyoming.

Nov. 3, 1971.

Charles Lee Foster, pro se.

PER CURIAM.

The petitioner has filed what he terms
a petition for a writ of habeas corpus and
an appeal from the action of the Carbon
County District Court in disallowing his
application for habeas corpus to that court.

 It is the settled rule in this ju-
risdiction that there is no appeal from the
disallowance of a writ of habeas corpus
by a district court. The proper remedy
is an application for such a writ to this
court. We therefore treat and consider pe-
titioner's petition as an original proceeding
in this court.

The writ of habeas corpus can be allow-
ed only when it is shown that the person on
whose behalf it is sought is restrained of
his liberty; and that the restraint is ille-
gal.[1]

 Petitioner describes himself in the
caption to his petition as an inmate at the
Wyoming State Penitentiary. However,
there are no allegations to the effect that
he was committed to the penitentiary un-
lawfully or that he is being there confined
in any unlawful manner. There is no show-
ing or suggestion of a violation of consti-
tutional rights in connection with the peti-
tioner's conviction. There is no showing
that post-conviction remedies have been
pursued. In short, there is no showing of
any grounds for habeas corpus.

What the petition amounts to is that an
inmate at the penitentiary asks us to appoint

---

1. Section 1–810, W.S.1957.

an attorney for him at public expense, with the idea that his court-appointed attorney can enter into a research to see if some reason can be found for saying the petitioner should not be confined. There is no requirement in the law for such a thing to be done, and if we were to do it for this prisoner, we would have to do it for all other inmates. He has already been furnished a court-appointed attorney in the district court habeas corpus proceedings and was furnished transcripts at public expense.

The petition contains complaints about proceedings in the hearing afforded petitioner, in connection with his district court application for habeas corpus. For example, he says he appeared in prison clothes. The hearing was not a trial before a jury pertaining to the guilt or innocence of the inmate and the district court judge who held the hearing was well aware of the petitioner's status as an inmate of the penitentiary.

In any event, proceedings on habeas corpus in the district court can be disregarded because it does not appear the district court had any reason to give a hearing at all.

Among other reasons, the petitioner suggests we should reverse the district court habeas corpus decision and grant him his liberty from the penitentiary because he was afforded only two meals a day instead of three, when he was held in county jail by the sheriff of Laramie County. That, of course, has nothing to do with the legality of his present confinement.

It is made clear in § 1–814, W.S.1957, that, when from the showing of a petition for habeas corpus the plaintiff would not be entitled to any relief, the court or judge may refuse to allow the writ. In Foster's case, there is nothing to suggest possible grounds for granting habeas corpus. His application is frivolous and wholly without merit.

Writ denied.