**Steve Allen WELDON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 90–116.**

Supreme Court of Wyoming.

Nov. 8, 1990.

Leonard D. Munker, State Public Defender and David M. Gosar, Asst. Public Defender, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., Theodore Lauer, Director, Pros. Assistance Program, and Georgia Tibbets, Student Intern, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

URBIGKIT, Chief Justice.

This case presents another presentence confinement issue; a subject with which this court has found much appellate activity during the past year. The issue here is presentence confinement time of 358 days applied to a life sentence to be followed by concurrent term sentences consecutively following the life sentence. We are asked to determine to what, if any, presentence confinement is to be credited under the *Renfro* principle, *Renfro v. State*, 785 P.2d 491 (Wyo.1990), where after 358 days in jail the appellant enters a plea resulting in a life sentence with consecutive term sentences then to follow.

Appellant Steve Allen Weldon, entered a bargained guilty plea to first degree murder, conspiracy to deliver a controlled substance and aggravated assault and battery. The crime resulted from his entry into a residence where he deliberately shot the victim in an execution type circumstance as

the fall-out from drug dealing relationships.

The trial court imposed a life sentence for murder (which under Wyoming law, except for commutation by the Governor, is a life sentence without eligibility for parole) and two five to ten year term sentences, each to be served concurrently, for the drug conspiracy and aggravated assault and battery convictions, but consecutive to the life sentence. The trial court granted credit for presentence confinement only against the life sentence.

We modify that portion of the sentence by determining that presentence credit cannot be applied to a life sentence and should be applied to the consecutive two concurrent term sentences.

■ The structure of Wyoming law creates a total life sentence which is unaffected by parole or good time reductions. Consequently, only the Governor's constitutional authority under Wyo. Const. art. 4, § 5, as recognized by W.S. 7–13–801 through 7–13–806, can serve to release the incarcerated individual before he dies in prison.[1] Therefore, under present and long existent Wyoming law, the only remission except death that can be provided from the life sentence is by action through the executive power of commutation.

Undoubtedly, if and when any consideration might in the future be given to commutation for the appellant, the Governor and the recommending body of the parole board can and would take into account presentence confinement, but the commutation should be fixed in numbers to the total sentence which would then remain. Consequently, no credit will be applied judicially to the executive entry of commutation.

We are logically served in another regard in this decision to deny credit on the life sentence and to apply it to the consecutive (or concurrent) term sentences. The historical Wyoming structure of indeterminate sentencing has excluded a straight life sentence from indeterminacy in establishing a mandatory limit. That status is detailed in the provisions of W.S. 7–13–201:

Except where a term of life is required by law, * * *, when a person is sentenced for the commission of a felony, the court imposing the sentence shall not fix a definite term of imprisonment but shall establish a maximum and minimum term within the limits authorized for the statute violated.

Similarly, W.S. 7–13–301 and 7–13–302 involving probation exclude the life sentence conviction as does W.S. 7–13–402 relating to general powers and duties of the board of parole which provides a specific exception of the life sentence.

*Renfro*, with *Weedman v. State*, 792 P.2d 1388 (Wyo.1990) and the other presentence confinement credit cases, were based upon the constitutional concept that the wealth or poverty of the accused and consequent ability to post bond should not affect the resulting total time to be served upon conviction. That philosophy and constitutional criteria has no application within the mandatory life sentence. The life sentence becomes a permanent obligation only remittable by executive clemency.

At that same time, although the application of presentence confinement credit may prove in the future to be ephemeral for appellant since the further decisions of governors and legislators can only provide a benefit, appellant did get a term sentence. We hold that he is entitled to *Renfro* credit upon that sentence which would be a benefit to him if he should ever reach a circumstance where the credit could be utilized for his release from confinement. Obviously, first required would be some future commutation of the life sentence to a term for years. If it does happen and he lives long enough to be serving the present term sentences, he should get a *Renfro* credit for presentence confinement time.

The second, third and fourth paragraphs of the judgment and sentence are modified to provide that appellant will be given 358 days to be applied to the five to ten year term sentences and no credit will be given

---

**1.** By last report for the men's prison, Wyoming has sixty-seven men now serving a life sentence. Two women in the state are now under the same confinement status.

against time which he may serve under the life sentence or any commuted term to which it may be reduced.

The sentence, as modified, is affirmed.

THOMAS, J., concurs in part and dissents in part.

THOMAS, Justice, concurring in part and dissenting in part.

I agree that in Wyoming it is inappropriate to credit presentence confinement against a life term. I concur in that aspect of the majority opinion. I have not changed my views as they are set forth in my dissent in *Weedman v. State,* 792 P.2d 1388 (Wyo.1990), and I dissent from that part of the majority opinion that credits presentence confinement against the maximum and minimum terms for both the offense of conspiracy to deliver a controlled substance and the offense of aggravated assault and battery. Even though those sentences were imposed to run concurrently, I would limit that credit to only one of those offenses.