**Benjamin J. SMALL, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 95–46.**

Supreme Court of Wyoming.

Dec. 22, 1995.

Benjamin J. Small, pro se.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Mark T. Moran, Assistant Attorney General, Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

TAYLOR, Justice.

Appellant, acting pro se, challenges the district court's decision to deny him credit for presentence incarceration.

We affirm.

## I. ISSUES

Appellant identifies one issue for our review:

> Was the trial court's denial of appellant's motion for presentence confinement credit proper?

Appellee identifies the same issue:

> I. Did the district court properly deny appellant's motion for pre-sentence confinement credit?

## II. FACTS

Appellant, Benjamin J. Small (Small), was convicted of involuntary manslaughter and, pursuant to the habitual criminal statute, was sentenced to life in prison. The Governor of the State of Wyoming commuted Small's life sentence to a term of years. After his life sentence was commuted, Small filed a motion seeking presentence credit against the term of years he received following the commutation. The district court denied the motion and this appeal follows.

## III. DISCUSSION

Small argues he is entitled to presentence incarceration credit and that the district

court erred when it failed to apply that time against the term of years he received after the Governor commuted his life sentence. We disagree. In *Weldon v. State,* 800 P.2d 513, 514–15 (Wyo.1990), we anticipated this precise scenario. In *Weldon,* we held that no credit would be applied to a term of years that was created as a result of the commutation of a life sentence. *Id.* We reasoned that "the Governor and the recommending body of the parole board can and would take into account presentence confinement," and we concluded that "no credit will be applied judicially to the executive entry of commutation." *Id.* at 514. Although we were discussing future possibilities in *Weldon,* the future has now arrived. Therefore, we specifically hold that no credit will be given for presentence confinement against a term of years that results from the executive commutation of a life sentence.

## IV.  CONCLUSION

The district court properly denied the motion and the decision is affirmed.