# UNITED STATES COURT OF APPEALS

Filed 9/27/96TENTH CIRCUIT

RANDY LYNN STAMBAUGH,

    Petitioner-Appellant,

v.

DUANE SHILLINGER and ATTORNEY GENERAL OF THE STATE OF WYOMING,

    Respondents-Appellees.

Case No. 96-8025

(D.C. 94-CV-189)
(District of Wyoming)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Randy Lynn Stambaugh appeals from the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge William C. Beaman recommended that the United States District Court for the District of Wyoming deny Mr. Stambaugh's petition as an abuse of the writ and for procedural default. The district court's Order and Judgment adopted the magistrate judge's recommendation and denied Mr. Stambaugh's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition. For substantially the same reasons stated by the magistrate judge and district court, we affirm the denial of Mr. Stambaugh's petition.[1]

In his petition, Mr. Stambaugh challenges his 1979 conviction in Wyoming state court and makes the following allegations: (1) he was held without bond for thirteen days in violation of the Fifth, Sixth, and Fourteenth Amendments; (2) he was not given a preliminary hearing within ten days; (3) he was denied the right to counsel for thirteen days after his arrest; (4) the state disposed of exculpatory evidence; and (5) he was denied the right to examine and inspect any forensic tests or examinations. See Rec. doc. 1.

The magistrate judge and the district court found that Mr. Stambaugh made claims (4) and (5) above in a petition for a writ of habeas corpus that was dismissed with prejudice in 1991. The magistrate judge recommended, and the district court held, that as for these two claims, Mr. Stambaugh's present petition was a successive petition and constituted an abuse of the writ. With respect to claims (1), (2) and (3) above, the magistrate judge and the district court found that Mr. Stambaugh failed to assert these claims either in his direct appeal in state court or in a state action for post-conviction relief within the five year period allowed for such challenges under state law. The district court held that Mr. Stambaugh failed to show cause for this procedural default and prejudice attributable to the alleged violations of federal law, or to demonstrate that a

---

[1] After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

2

fundamental miscarriage of justice would occur if the claims were not considered. We agree with these conclusions and adopt the reasoning contained in the magistrate judge's Report and Recommendation and the district court's Order and Judgment.

We will address one matter raised by Mr. Stambaugh in his reply brief on appeal. Mr. Stambaugh argues that he filed a state petition for post-conviction relief in Wyoming state court, and therefore he has not defaulted under state procedural rules. He cites an order of the United States District Court for the District of Wyoming dated March 13, 1987, that denies a previous habeas corpus petition of his. See Aplt's Reply Br. Ex. 1. The order refers to a state post-conviction petition which raised the following issues: "Ground One) plain error which resulted in prejudice to the jury as a result of direct violation of state law by arresting and investigating agency; Ground Two) prosecutorial misconduct; and Ground Three) ineffective assistance of counsel." Id. Ex. 1, at 2. These are not the same issues that are raised for the first time in Mr. Stambaugh's present habeas corpus petition.

Under Wyoming law, a person serving a felony sentence in a state penal institution may file a petition for postconviction relief on the grounds that "in the proceedings which resulted in his conviction there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming." See Wyo. Stat. Ann. § 7-14-101 (1995). However, such a petition is not allowed if filed more than five years after the entry of judgment of conviction. See Wyo. Stat. Ann. § 7-14-103(d). Wyoming law also provides

3

that a state prisoner may challenge his conviction through a petition for a writ of habeas corpus.  See Wyo. Stat. Ann. §§ 1-27-101 to 1-27-134.  Although the five-year statutory limitation set forth in § 7-14-103(d) does not apply to habeas petitions, Wyoming statutes and court decisions have significantly narrowed the grounds on which such a petition may be granted.  See State ex rel. Hopkinson v. District Court, Teton County, 696 P.2d 54, 60 (Wyo.) (citing Hollibaugh & Bunten v. Hehn, 79 P. 1044 (1905)), cert. denied, 474 U.S. 865 (1985); see also Wyo. Stat. Ann. § 1-27-125.  In particular, "[a] court's judgment cannot be impeached by a writ of habeas corpus except for jurisdictional reasons." Hopkinson, 696 P.2d at 60.

In the instant case, claims (1), (2) and (3) were not advanced in a direct appeal, and Mr. Stambaugh did not file the petition containing these claims until more than five years after the judgment of conviction, precluding their review via section 7-14-101 in Wyoming state courts.  See Wyo. Stat. Ann. § 7-103(d).  Additionally, these claims do not challenge the state court's jurisdiction, and therefore they may not be asserted in a petition for a writ of habeas corpus in the Wyoming state courts.  See Hopkinson, 696 P.2d at 60; Wyo. Stat. Ann. § 1-27-125.  Thus, under Wyoming law, Mr. Stambaugh has defaulted and is procedurally barred from raising these issues in this petition.

To ignore the independent and adequate state procedural rules under which Mr. Stambaugh has defaulted would "offer [Mr. Stambaugh]. . . an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws." See Coleman v. Thompson, 501 U.S. 722, 730-31 (1991). Furthermore, Mr. Stambaugh fails to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or [to] demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman, 501 U.S. at 750 (1991). Thus, this federal habeas corpus petition is barred. See id.

For the foregoing reasons, we AFFIRM the denial of Mr. Stambaugh's petition for a writ of habeas corpus. The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

5