F I L E D
United States Court of Appeals
Tenth Circuit

FEB 12 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JASON STARR,

       Petitioner-Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENTIARY WARDEN, also
known as Duane Shillinger;
WYOMING ATTORNEY GENERAL,

       Defendants-Appellees.

No. 96-8033
(D.C. No. 93-CV-259)
(D. Wyo.)

ORDER AND JUDGMENT*

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

       Jason Starr, a Wyoming state prisoner proceeding pro se and in forma

pauperis, appeals for a second time the district court's dismissal of his habeas

corpus petition under 28 U.S.C. § 2254. The district court dismissed the petition

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this time on the ground of state procedural default.[1]  We exercise jurisdiction

pursuant to 28 U.S.C. §§ 1291 and 2253, and affirm.[2]

In 1985, petitioner was charged in Wyoming state court with one count of

first degree murder and one count of attempted murder.  Counsel was appointed to

represent him.  At his arraignment, the court was presented with a plea agreement

whereby, in exchange for guilty pleas, the state agreed to reduce the attempted

murder charge to aggravated assault and to recommend sentences of life on the

---

[1]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore
ordered submitted without oral argument.

[2]      Petitioner filed his notice of appeal on April 11, 1996.  On May 22, 1996,
the district court issued a certificate of probable cause (CPC).  We have
previously held that the standard for issuing a CPC is the same as the standard for
issuing a certificate of appealability, required in its stead as of April 24, 1996 by
the Antiterrorist and Effective Death Penalty Act.  See Lennox v. Evans, 87 F.3d
431, 434 (10th Cir. 1996), cert. denied, 65 U.S.L.W. 3488 (U.S. Jan. 13, 1997)
(No. 96-6621).  Accordingly, the district court's CPC determination permits
petitioner to proceed on appeal.

In its May 22, 1996 order, the district court also allowed petitioner to
proceed in forma pauperis on appeal.  The Prison Litigation Reform Act (PLRA),
which became law on April 26, 1996, imposes filing fee obligations on a
"prisoner" who "brings a civil action or files an appeal in forma pauperis."  Pub.
L. No. 104-134, § 804(a)(3), 110 Stat. 1321 (1996).  Even assuming that a § 2254
habeas petition is subject to the PLRA, the PLRA does not apply to the petition
before us because Starr filed his notice of appeal on April 11, 1996, fifteen days
before the PLRA became law.  See White v. Gregory, 87 F.3d 429, 430 (10th Cir.)
(finding amendments to 28 U.S.C. § 1915 inapplicable to an appeal of § 1983
action where notice of appeal filed before Act became law), cert. denied, 117 S.
Ct. 528 (1996).

-2-

murder charge and five to ten years for the assault.  As the factual basis for the

pleas was being established, petitioner told the court that the murder victim had

threatened to shoot him, see R., doc. 21, ex. J at 18, and had reached for the glove

compartment where petitioner thought a gun might be concealed, see id. at 18-19.

When petitioner persisted in this self-defense claim, the court rejected the plea

agreement and set the case for trial.

Five hours later, after talking with his lawyer, petitioner again came before

the court in a change-of-plea hearing.  The plea agreement was again presented,

and petitioner did not renew his self-defense claim.  Following testimony from the

sheriff who investigated the crimes, which provided no support for a claim of

self-defense, the court accepted petitioner's guilty pleas and sentenced him

accordingly.  Petitioner did not file a direct appeal; however, over the course of

the next eight years, he proceeded to make numerous other filings.

In 1986, petitioner filed a motion for credit for presentence incarceration in

state court.  This motion was denied, and no appeal was taken.  In 1990, he filed

in state court a motion for correction of an illegal sentence, seeking merger of

offenses.  That motion was also denied, but this time petitioner appealed.

Because the record was not timely docketed, the Wyoming Supreme Court

dismissed the appeal, but treated it as a petition for writ of certiorari and granted

the petition.  On certiorari, the court affirmed the district court's denial of

petitioner's motion for correction of an illegal sentence; however, the Court sua sponte granted petitioner the presentence incarceration credit he had earlier requested. See Starr v. State, 821 P.2d 1299, 1300-01 (Wyo. 1991).

In 1993, petitioner filed in state court a petition for post-conviction relief, claiming "false imprisonment, kidnaping, illegal sentence, [and] illegal incarceration." R., doc. 1 at 4. This petition was dismissed, and petitioner did not seek review by the state Supreme Court. Next, petitioner filed a habeas petition in federal district court, which was dismissed without prejudice for failure to exhaust state remedies. No appeal was taken. Petitioner returned to state court, filing in the Wyoming Supreme Court a "Petition for Writ of Certiorari for Restoration of Petitioner's Direct Appeal." Petitioner alleged he was denied his right to direct appeal, had received ineffective assistance of counsel, that his guilty pleas were not voluntary, and that he was denied access to the courts. The Wyoming Supreme Court denied the petition without reaching the merits, characterizing it as an improperly filed second petition for post-conviction relief, and barred as successive. R., doc. 1, attach.

In 1993, petitioner filed this habeas action, claiming he was denied his right to direct appeal, that he received ineffective assistance of counsel, and that he was denied access to the courts. He later added that his guilty pleas were coerced. The district court initially dismissed the petition without prejudice as

-4-

"mixed," containing both exhausted and unexhausted claims, and petitioner appealed. We concluded that the district court erred in finding unexhausted claims, reversed the order of dismissal, and remanded the case for consideration of the state procedural default issue.

On remand, the district court concluded, on cross motions for summary judgment, that petitioner by his failure to follow state procedural rules had defaulted his habeas claims in state court. The court further found that petitioner had failed to demonstrate the necessary cause and prejudice to excuse his default, and ordered the petition dismissed with prejudice. Petitioner again appeals, this time challenging the district court's conclusion that he failed to establish the cause and prejudice necessary to excuse any default, and further arguing that a refusal to hear his claim will result in a fundamental miscarriage of justice. Petitioner also contends: (1) he has been denied due process and equal protection in this habeas action because, despite repeated requests, he has never received copies of all the documents submitted by the state in opposing his petition; and (2) the district court was prejudiced against him and failed to properly review his case.

We review the district court's order dismissing this habeas petition de novo, applying the same legal standard as did the district court under Fed. R. Civ. P. 56(c). See Shillinger v. Haworth, 70 F.3d 1132, 1136 (10th Cir. 1995).

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Petitioner apparently has not conceded that he defaulted his claims in state court.  See Appellant's Br. at 3(d).  The Wyoming Supreme Court was clear, however, that it would not consider the claims because petitioner failed to follow the state's procedural rules in seeking post-conviction relief.  "The law of procedural defaults . . . applies to preclude federal habeas review of claims that have not been adjudicated on the merits by a state court because of noncompliance with a state procedural rule."  Brecheen v. Reynolds, 41 F.3d 1343, 1354 (10th Cir. 1994), cert. denied, 115 S. Ct. 2564 (1995).  Petitioner's default arises from his failure to pursue the claims now before us in his first petition for post-conviction relief filed in state court.

Because of his procedural default, we may not consider petitioner's claims unless he is able to show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  To show cause, petitioner must establish that some objective factor, external to him and not fairly attributable to him, impeded his efforts to comply with the state's procedural rules.  See id. at 753.

-6-

On appeal, petitioner asserts that cause exists, advancing two arguments. First, he asserts that the trial court told him he could not file a direct appeal. Second, he contends his trial attorney was ineffective in (1) failing to object to the court's "false advice"; (2) in failing to inform him of his right to appeal; and (3) in "allow[ing] the trial court to 'coerce' [him] into involuntarily pleading guilty." See Appellant's Br. at 3. Even were these assertions supported by the record and sufficient to establish cause for petitioner's failure to file a direct appeal, they do not excuse petitioner's default, i.e., his failure to include in his first post-conviction petition in state court all of his claims for post-conviction relief. That failure is the default upon which the Wyoming Supreme Court relied in refusing to address the claims now before us, and that is the default for which cause must be established.

Our own review of the record reveals nothing which would constitute cause for petitioner's failure to abide by the procedural rules governing Wyoming's post-conviction proceedings. Petitioner apparently did not have the benefit of a transcript of the change of plea hearing at the time he filed his first state court petition for post-conviction relief. However, petitioner was present at the hearing and asserts that he did not file a direct appeal because of a statement by the judge made at that hearing. Under these circumstances petitioner cannot now take the

position that he was unaware of the judge's statement—and thus the basis of his claim—until after he saw a transcript of the hearing.

Although petitioner has failed to establish cause to excuse his procedural default, we may nevertheless address his claim if our failure to do so would result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750. The fundamental miscarriage of justice exception applies only when a petitioner "'supplements his constitutional claim with a colorable showing of factual innocence.'" Brecheen, 41 F.3d at 1357 (quoting Herrera v. Collins, 113 S. Ct. 853, 862 (1993)) (further quotations omitted). Although petitioner now claims to have been "coerced" into abandoning his claim of self-defense and pleading guilty, he has made no showing whatsoever that he was indeed acting in self-defense during the incident which gave rise to his conviction. On the contrary, the transcripts upon which he relies reflect that, although he suggested he acted in self-defense at his arraignment, see R., doc. 21, ex. J at 18-19, he later represented to the court that he was not alleging self-defense, see R., doc. 21, ex. K at 3-4, admitted to shooting and killing the victim because he "lost [his] head," id. at 14-15, and further admitted that he did not think the victim would try to kill him, see id. at 17. Accordingly, petitioner has not made a sufficient showing of actual innocence to overcome his procedural default.

Petitioner also argues that he has been denied due process and equal protection in this habeas action because, despite repeated requests, he has never received copies of three of the fourteen exhibits which accompanied the state's motion to dismiss in district court, and thus "could not defend against evidence . . . used against him" in this action. Appellant's Br. at 2. In particular, he complains of not having received Respondent's Exhibit E (report of petitioner's mental evaluation at the Wyoming State Hospital), Respondent's Exhibit F (report of independent psychological evaluation of petitioner), and Respondent's Exhibit G (petitioner's plea agreement). Even if petitioner did not receive these three exhibits, there has been no constitutional violation. The record indicates that all three were provided to the district court by way of background information, and the court did not rely upon them in dismissing the petition. Nor do we. Furthermore, Exhibit G embodies the plea agreement presented to the state court at petitioner's arraignment and at his change of plea hearing, which both he and his counsel acknowledged in open court. See R., doc. 21, ex. J at 13-14 and ex. K at 8-9. Plainly, petitioner cannot now claim to be unaware of its contents.

Finally, petitioner also alleges bias on the part of the district court in this habeas proceeding, citing as "evidence" its rulings against him and its failure to order respondent to provide him copies of the requested exhibits. Adverse rulings

alone do not establish judicial bias, and we find none here.  Cf. Bradshaw v.

Story, 86 F.3d 164, 166 (10th Cir. 1996) (affirming dismissal of § 2241 petition,

where petitioner argued that § 2255 was an inadequate remedy, citing sentencing

court's denial of his previous § 2255 petitions as evidence of bias).

AFFIRMED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge