Steve Allen WELDON, Petitioner,

v.

WYOMING DEPARTMENT OF COR-RECTIONS STATE PENITENTIARY WARDEN, in his official capacity, a.k.a. James Ferguson, and the Wyoming Attorney General, Respondents.

No. 96–CV–176–J.

United States District Court, D. Wyoming.

April 24, 1997.

Steve Allen Weldon, Stillwater, MN, pro se.

Hugh L. Kenny, Wyoming Atty. Gen., Cheyenne, WY, for respondents.

### ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

ALAN B. JOHNSON, Chief Judge.

The above-entitled matter came before the Court on a petition for a writ of habeas corpus. The Court has carefully reviewed the petition, and all the material in the file, and being fully advised, finds that the petition should be dismissed.

### BACKGROUND

Petitioner, Steve Allen Weldon, pled guilty on February 26, 1990 to first degree murder, conspiracy to deliver a controlled substance and aggravated assault and battery. On March 30, 1990, the trial court entered the written judgment and sentence. The court imposed a life sentence with two term sen-

tences to follow. The term sentences were to be served concurrently to each other, but consecutive to the life sentence. *Weldon v. State*, 800 P.2d 513, 514 (Wyo.1990). On appeal, the Wyoming Supreme Court modified the sentence by applying Mr. Weldon's presentence credit to his consecutive term sentences, rather than to his life sentence. *Id.*

After his direct appeal, Mr. Weldon challenged his judgment and sentence on two subsequent occasions. On December 14, 1995, he filed a petition for a writ of habeas corpus in the state Seventh Judicial District Court. The petition was transferred to the Second Judicial District Court. The Second Judicial District Court dismissed the petition because it failed to challenge the jurisdiction of the sentencing court. On March 25, 1996, Mr. Weldon filed a petition for a writ of habeas corpus in the Wyoming Supreme Court. The supreme court denied the petition "for the reason that Weldon has failed to demonstrate that his restraint is illegal in the sense that the district court lacked jurisdiction to impose the sentences. WYO. STAT. §§ 1–27–101(a)(iii) and 1–27–125 (1988)." *Weldon v. Ferguson*, No. 96–79 (Wyo. Apr. 23, 1996).

**ANALYSIS**

■ A federal court will ordinarily dismiss a petition for a writ of habeas corpus under 28 U.S.C. § 2254 if the petitioner has not "fairly presented" the claims raised in the petition to the highest state court empowered to consider them and given that court an adequate opportunity to rule on the merits. *Hamill v. Ferguson*, 937 F.Supp. 1517, 1521 (D.Wyo.1996). Additionally, if the petitioner failed to exhaust state remedies, and would now find the claims procedurally barred in state court pursuant to an independent and adequate state procedural rule, there is procedural default for purposes of federal habeas corpus relief. Procedural default of federal claims in the state court bars federal habeas review of the claims unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of

justice. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 750, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991).

In his petition to this Court, Mr. Weldon raises the following claims:

1. He was denied effective assistance of trial counsel;

2. He was denied due process competency and commitment hearings;

3. He was denied a grand jury indictment for a capital offense crime;

4. He was denied effective assistance of appellate counsel;

5. The language of the state statute relating to mental illness is unconstitutional;

6. His plea bargain was not a knowing, intelligent or voluntary waiver of constitutional rights;

7. He was subject to malicious and vindictive prosecutorial over-reaching;

8. His convictions resulted from mental illness;

9. The Wyoming Supreme Court violated his due process and equal protection rights by denying his habeas corpus petition on its own motion.

Mr. Weldon did not present any of these issues to the Wyoming Supreme Court in his direct appeal, nor did he present them to the state courts through a petition for postconviction relief. The only issue in the direct appeal was the propriety, under Wyoming law, of "presentence confinement time of 358 days applied to a life sentence to be followed by concurrent term sentences...." *Weldon v. State*, 800 P.2d at 513.

Mr. Weldon contends that even though he failed to raise his claims in his direct appeal or in a petition for post-conviction relief, he did afford the state courts a full and fair opportunity to address the alleged constitutional violations. He submits that the state courts were given the opportunity because his habeas corpus petitions properly challenged the jurisdiction of the state court. He also argues that there is no state remedy for his last issue, and that exculpatory circumstances should excuse him from any procedural bar.

■ This Court finds that Mr. Weldon did not "fairly present" his first eight claims to the Wyoming Supreme Court and that those claims are now barred under Wyoming law. Mr. Weldon is therefore also procedurally barred from raising the claims in a federal habeas corpus proceeding. The Court further finds that Mr. Weldon's last claim should be denied as frivolous, irrespective of the availability of a state remedy. See 28 U.S.C. § 2254(b)(2) (application for habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state).

Although Mr. Weldon did raise the first eight of the above issues in his petitions for a writ of habeas corpus in the state district court and the Wyoming Supreme Court, under Wyoming law, the only issue cognizable in a state habeas corpus proceeding is jurisdiction. As stated in *Stambaugh v. Shillinger*, 98 F.3d 1350, 1996 WL 563857, at *2 (10th Cir.1996):

> Wyoming statutes and court decisions have significantly narrowed the grounds on which such a petition may be granted. See *State ex rel. Hopkinson v. District Court, Teton County*, 696 P.2d 54, 60 (Wyo.) (citing *Hollibaugh & Bunten v. Hehn*, 13 Wyo. 269, 79 P. 1044 (1905)), *cert. denied*, 474 U.S. 865, 106 S.Ct. 187, 88 L.Ed.2d 155 (1985); *see also* Wyo. Stat. Ann. § 1–27–125. In particular, "[a] court's judgment cannot be impeached by a writ of habeas corpus except for jurisdictional reasons." *Hopkinson*, 696 P.2d at 60.

In its order denying Mr. Weldon's habeas corpus petition, the Wyoming Supreme Court stated that Mr. Weldon had failed to demonstrate that the district court lacked jurisdiction to impose the sentences. Mr. Weldon argues to this Court that the Wyoming Supreme Court's ruling was incorrect, and that alleged violations of his fundamental rights constituted an "excess of jurisdiction." The Court finds that this argument is unpersuasive.

■ The Wyoming Supreme Court has clearly limited the reach of the writ of habeas corpus to contesting the trial court's jurisdiction over the subject matter, jurisdiction over the person of the defendant, and authority to render the particular judgment. *Ex parte Madson*, 25 Wyo. 338, 169 P. 336, 337 (Wyo. 1917). In *Hovey v. Sheffner*, 16 Wyo. 254, 93 P. 305, 308 (Wyo.1908), the supreme court emphasized that the state writ of habeas corpus is not designed "to interrupt the orderly administration of the criminal laws by a competent court while acting within its jurisdiction. The occurrence of mere errors or irregularities in a criminal case not affecting the jurisdiction of the trial court will not authorize a discharge of the accused upon habeas corpus." Both the trial court and the supreme court found that Mr. Weldon's claims were not cognizable because Mr. Weldon failed to demonstrate that the district court lacked jurisdiction. In *Rael v. Sullivan*, 918 F.2d 874, 876 (10th Cir.1990), *cert. denied*, 499 U.S. 928, 111 S.Ct. 1328, 113 L.Ed.2d 260 (1991), the Tenth Circuit Court of Appeals noted that state courts are the ultimate expositors of state law and that the federal courts are bound by their construction absent extreme circumstances. There are no extreme circumstances present in this matter and this Court will abide by the Wyoming Supreme Court's finding that Mr. Weldon did not properly present the claims in his state habeas petition.

The proper remedy to challenge Mr. Weldon's alleged violations would have been a petition for post-conviction relief. However, the petition must be filed within five years after the entry of his judgment of conviction in 1990. As the Tenth Circuit also observed in *Stambaugh*, 98 F.3d 1350, 1996 WL 563857, at *2:

> Under Wyoming law, a person serving a felony sentence in a state penal institution may file a petition for postconviction relief on the grounds that "in the proceedings which resulted in his conviction there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming." See Wyo. Stat. Ann. § 7–14–101 (1995). However, such a petition is not allowed if filed more than five years after the entry of judgment of conviction. See Wyo. Stat. Ann. § 7–14–103(d).

Mr. Weldon is now procedurally barred from requesting post-conviction relief, as more than five years have lapsed since his 1990 conviction. He is therefore precluded from bringing his claims before the federal court unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. As recently stated in *Starr v. Wyoming Dept. of Corrections State Penitentiary*, 107 F.3d 21, 1997 WL 57169, at * 2 (10th Cir.1997):

> Because of his procedural default, we may not consider petitioner's claims unless he is able to show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). To show cause, petitioner must establish that some objective factor, external to him and not fairly attributable to him, impeded his efforts to comply with the state's procedural rules. *See id.* at 753, 111 S.Ct. at 2566.

■ Mr. Weldon has not demonstrated cause for his failure to abide by the procedural rules governing Wyoming's post-conviction proceedings. He states that he was placed in a "Super Max Unit" where he was locked down seven days a week, twenty-three hours a day, and restricted to two one-hour visits per week to the prison law library, with no law clerks or "jailhouse lawyers" to help him. Assuming his allegation to be true, he would still have had abundant opportunity over the course of five years to file a petition for post-conviction relief.

■ Mr. Weldon also complains that he was denied a copy of the record; that his appellate counsel told him that although he may have a right to a copy of the record to formulate a pro se brief, he did not have any issues to support such a request; and that he was an indigent inmate with no financial resources to permit him to purchase a copy of the record. These allegations are purely conclusory and do not constitute cause for failure to file a petition for post-conviction relief. Mr. Weldon could have requested a copy of the record from the district court. *See Escobedo v. State*, 601 P.2d 1028, 1029 (Wyo.1979) (district court will furnish a transcript to the defendant at the state's expense if the defendant files a petition seeking constitutional relief and the petition has merit). Moreover, even if he were unable to procure a copy of the transcript, he was present at his change of plea proceeding and even without the benefit of a transcript, could have filed a petition for relief. *See Starr*, 107 F.3d 21, 1997 WL 57169, at * 3 (10th Cir.1997) (petitioner's lack of transcript of change of plea hearing was not cause for failure to abide by the procedural rules governing Wyoming's post-conviction proceedings). Furthermore, Mr. Weldon's petition for a writ of habeas corpus filed in the Seventh Judicial District Court on December 14, 1995 defies his argument. Mr. Weldon filed with that petition a copy of his psychological records, a copy of the transcript from his change of plea and sentencing and a substantial brief. Accordingly, his statements as to the availability of the record are not only conclusions, but also lack credibility and are insufficient to establish cause for failure to file a petition for post-conviction relief.

■ Mr. Weldon contends that his failure to file for post-conviction relief also stemmed from the prison psychologist's refusal to provide prescribed medication to control his diagnosed mental illness. Again, his allegation is conclusory and wholly unsupported by a factual basis.

■ Although Mr. Weldon has failed to establish cause to excuse his procedural default, the Court may nevertheless address his claims if the failure to do so would result in a fundamental miscarriage of justice. *Starr*, 107 F.3d 21, 1997 WL 57169, at * 3, citing *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. The fundamental miscarriage of justice exception applies only when a petitioner sets forth a colorable showing of factual innocence. *Starr*, 107 F.3d 21, 1997 WL 57169, at * 3.

Mr. Weldon made no showing of factual innocence. Although he avers that under the correct application of Wyoming's mental illness statute, he was innocent by reason of insanity, he presents no law to support his theory that Wyoming's mental illness statute was unconstitutionally or incorrectly applied to him. In addition, even if Mr. Weldon could show that Wyoming's mental illness statute was unconstitutional and that he was legally innocent of the crimes by reason of insanity, it is very questionable whether legal innocence because of insanity could constitute actual innocence. *See Deere v. Calderon*, 890 F.Supp. 893, 904 (C.D.Cal.1995) (claimed insanity is not equivalent to actual innocence).

In summary, Mr. Weldon has not shown that failure to address his claims would result in a fundamental miscarriage of justice. He presents no evidence that he did not commit the crimes of which he was convicted, and both the state's doctor and his own psychologist agreed that Mr. Weldon's mental illness at the time of the crimes did not grossly and demonstrably impair his perception and understanding of reality so as to qualify as legal insanity.

■ Finally, in his last issue, Mr. Weldon claims that the Wyoming Supreme Court violated his due process and equal protection rights by denying his habeas corpus petition on its own motion. Mr. Weldon states that he did not raise the issue in any state court because there is no available state remedy.

The Wyoming habeas corpus statutes and case law provide that a writ of habeas corpus shall be allowed if the petition shows a sufficient ground for relief. WYO. STAT. § 1–27–105(a) (1988); *Foster v. Warden of Wyoming State Penitentiary*, 489 P.2d 1166, 1167 (Wyo.1971) (a court or judge may refuse to allow the writ when from the showing of a petition the plaintiff would not be entitled to any relief). The Wyoming Supreme Court explained the writ procedure well over one hundred years ago in *Ex parte Bergman*, 3 Wyo. 396, 26 P. 914, 914–915 (1890):

> [T]he writ does not issue, as of course, upon application. Sec. 1269, Rev. St., provides that "if, from the showing of the petitioner, the plaintiff would not be enti-

tled to any relief, the court or judge may refuse the writ." And section 1272 directs that, "if the writ is disallowed, the court or judge shall cause the reasons for said disallowance to be appended to the petition, and returned to the person applying for the writ." This is the rule under common law, and is the practice uniformly followed by courts and judges upon application for the writ, unless the statute of jurisdiction points out another method. The writ can only issue to one "entitled to it," and it should not be granted without inquiry.

The supreme court found that Mr. Weldon's petition did not show sufficient grounds for relief, and set forth its reasons in its order dismissing the petition. The court's denial of Mr. Weldon's petition was in accord with the Wyoming habeas corpus statutes, and did not deny Mr. Weldon due process or equal protection. In fact, the federal statutes and case law also permit habeas corpus petitions to be dismissed sua sponte if the petitioner fails to set forth sufficient grounds for issuance of a writ. *See* 28 U.S.C. §§ 1915(e)(2)(B); 28 U.S.C. § 2254(b)(1); and *Simmons v. Beinvenu*, 81 F.3d 173, 1996 WL 131504 (10th Cir.1996). Mr. Weldon's claim that dismissal of his petition denied him due process and equal protection has no merit and should be dismissed as frivolous.

## CONCLUSION

The Court finds that Mr. Weldon failed to present the first eight claims raised in this action in his direct appeal and failed to file a petition for state post-conviction relief within five years after the judgment of conviction was entered. The review of the claims is therefore barred under WYO. STAT. § 7–14–103(d) (1995). The Wyoming Supreme Court has ruled that Mr. Weldon's claims did not challenge the state court's jurisdiction, and may not be asserted in a petition for a writ of habeas corpus. Mr. Weldon has therefore defaulted under Wyoming law and is procedurally barred from raising the claims in this petition. Further, Mr. Weldon has not demonstrated cause for the default and actual prejudice as a result of the alleged violations of federal laws, nor has he demonstrated that failure to consider the claims will

result in a fundamental miscarriage of justice. The Court also finds that Mr. Weldon's last claim is frivolous.

NOW, THEREFORE, IT IS HEREBY ORDERED that the respondent's motion to dismiss Mr. Weldon's petition for a writ of habeas corpus be, and the same is granted. Mr. Weldon's petition is dismissed with prejudice since his first eight claims are procedurally barred from review in a federal habeas corpus proceeding, and his last claim is frivolous. All other pending motions before this Court are denied as moot.