**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEVE ALLEN WELDON,

      Petitioner - Appellant,

v.

MICHAEL PACHECO, Warden,
Wyoming State Penitentiary, Wyoming
Department of Corrections; WYOMING
ATTORNEY GENERAL,

      Respondents - Appellees.

No. 17-8030
(D.C. No. 2:96-CV-00176-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Petitioner Steve Weldon is a Wyoming prisoner serving a life sentence for murder

and consecutive term sentences for other offenses to which he pled guilty in 1990. His

first federal habeas petition challenging these joint convictions and sentences raised

numerous claims, most of which were dismissed as procedurally barred and one as

legally frivolous. *Weldon v. Wyo. Dep't of Corr. State Pen. Warden*, 963 F. Supp. 1098,

_____

[*] After examining the combined brief/application for a certificate of appealability
and the appellate record, the panel has determined unanimously that oral argument would
not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1100, 1104 (D. Wyo. 1997), *aff'd*, No. 97-8041, 1997 WL 639326 (10th Cir. Oct. 10, 1997) (unpublished). Recently he filed two motions purportedly in the same habeas proceeding: one for relief from the prior judgment under Fed. R. Civ. P. 60(b)(4) and the other for declaratory relief under 28 U.S.C. § 2201. He asserted, inter alia, that he was incompetent during the state criminal proceedings; that, for various reasons, including the unconstitutionality of state habeas procedures he had unsuccessfully used to raise this "substantive competency" claim, the district court should not have dismissed the claim as procedurally barred; and that the district court's judgment in this regard is void. The district court held the motions constituted a second or successive habeas petition subject to dismissal for lack of circuit authorization under 28 U.S.C. § 2244(b). It alternatively held Weldon had not demonstrated that the relief sought was warranted in any event.

Weldon has appealed and filed a combined appellate brief/request for a certificate of appealability (COA). As explained below, the district court's disposition is, as a threshold matter, debatable by reasonable jurists, so we grant a COA. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating COA standard); *see also Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017) (emphasizing threshold nature of inquiry, which may result in denial of COA only if that can be done without engaging in ordinary appellate review).[1] Upon full consideration of Weldon's appellate brief, however, we affirm the

---

[1] Weldon must also show his "petition [debatably] states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484; *see Dulworth v. Jones*, 496 F.3d 1137-38 (10th Cir. 2007) (explaining appellate court looks to underlying habeas petition in determining whether valid-constitutional-claim prong of *Slack* test is satisfied in appeal from denial of Rule 60(b) motion). But this involves only a limited review to

(continued)

2

dismissal of the Rule 60(b)(4) motion as meritless and the declaratory-judgment motion as procedurally improper. *See generally Williams v. Warrior*, 631 F. App'x 587, 589 (10th Cir. 2015) (granting COA and affirming "upon full consideration of the arguments in [appellant's] appeal brief"); *cf. United States v. Valadez-Camarena*, 402 F.3d 1259, 1259-60 & n.1 (10th Cir. 2005) (holding COA unnecessary and affirming on merits).

## PROCEDURAL BACKGROUND

Weldon's first federal habeas petition asserted an assortment of claims. As summarized by the district court at the time, they included claims that "[h]e was denied due process competency and commitment hearings," and that "[h]is plea bargain was not a knowing, intelligent or voluntary waiver of constitutional rights." *Weldon*, 963 F. Supp. at 1100. The district court did not refer to a substantive-competency claim, which is distinct from the former, procedural-competency claim, *see Lay v. Royal*, 860 F.3d 1307, 1314 (10th Cir. 2017) (distinguishing two claims), and can be distinct from the latter, involuntary-plea claim, *see Allen v. Mullin*, 368 F.3d 1220, 1240 (10th Cir. 2004) (explaining involuntary-plea claim can be based on grounds unrelated to competency). But Weldon had asserted—in connection with both claims and as the exclusive predicate for the latter—that he was in fact incompetent when he pled guilty. *See* Memo. in Support of Habeas Pet. at 21, 33-34, *Weldon v. Wyo. Dep't of Corr. State*

---

confirm he has facially alleged a constitutional claim. *Fleming v. Evans*, 481 F.3d 1249, 1259 (10th Cir. 2007). Weldon alleges he pled guilty when not mentally competent, noting he had been found incompetent for some time prior to his plea. As competency to plea implicates due process, s*ee Sena v. N.M. State Prison*, 109 F.3d 652, 654 (10th Cir. 1997), that suffices to facially allege the denial of a constitutional right.

3

*Pen. Warden*, No. 96-cv-176-J (D. Wyo. Aug. 16, 1996), ECF No. 5. That is a substantive-competency claim. *See Lay*, 860 F.3d at 1314.

The district court held the claims had not been exhausted in state postconviction proceedings and were now barred by the applicable statute of limitations. *See Weldon*, 963 F. Supp. at 1101-02 (citing Wyo. Stat. Ann. §§ 7-14-103(d)). The district court also noted Weldon had tried to raise the claims in state habeas (as opposed to postconviction) proceedings, but the only cognizable issue in such proceedings is the trial court's lack of jurisdiction and the claims had been found, as a matter of state law, not to fall within this limited category. *See id.* at 1100 (citing Wyo. Stat. Ann. § 1-27-125). The district court therefore applied an "anticipatory procedural bar"[2] and dismissed them with prejudice. *See id.* at 1103-04. This court summarily affirmed. *Weldon*, 1997 WL 639326, at *1.

Weldon returned to state court to pursue the substantive-competency claim in postconviction proceedings. Notwithstanding the federal district court's prediction that the claim would be procedurally dismissed as time-barred, the state courts denied it for lack of a sufficient basis for relief, i.e., apparently on the merits.

Weldon then filed a second federal habeas petition, raising the now-exhausted claim. The district court held the petition was second or successive and transferred it to this court to consider authorizing it to proceed under § 2244(b). We ultimately denied authorization.

_____

[2] "'Anticipatory procedural' bar occurs when the federal courts apply a procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002).

4

Shortly thereafter, Weldon filed a Rule 60(b) motion in his original habeas case, raising the substantive-competency claim again and challenging the prior disposition of the case as void. He contended the district court's prior dismissal of the claim on the basis of anticipatory procedural bar was improper in light of subsequent events. He also cited case law from this circuit holding substantive-competency claims are not subject to procedural bar in any event. The district court summarily denied the motion on the merits. On appeal, this court applied then-controlling circuit precedent indicating all Rule 60(b) motions in habeas proceedings must be construed as second or successive habeas petitions, *see Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998) (per curiam), *overruled by Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (applying *Gonzalez v. Crosby*, 545 U.S. 524 (2005)), and held the motion was an unauthorized second or successive petition over which the district court lacked jurisdiction. *See Weldon v. Ferguson*, No. 01-8042, slip op. at 2-3 (10th Cir. Dec. 12, 2001).

Fifteen years later, Weldon filed the motions now under review. The district court concluded the Rule 60(b)(4) motion asserted "a challenge to the legality of [Weldon's state] conviction, as well as a merits based challenge to the prior disposition of his [first federal habeas petition]" and in both respects was an unauthorized second or successive habeas petition which it lacked jurisdiction to consider. R. at 164-66. Similarly, the district court concluded the declaratory-judgment motion was "nothing more than an attempt once again to challenge the jurisdiction of the state district court" and thus "clearly an attempt to file a successive § 2254 petition for which [Weldon] has not obtained prior authorization from the Tenth Circuit." *Id.* at 162-63. Finally, the district

court alternatively held that, to the extent the motions could be read as advancing a "true Rule 60(b)(4)" procedural challenge to the judgment disposing of his first habeas petition (specifically, that the judgment was void for lack of due process), the motions were meritless in light of the adequate process afforded in the habeas proceedings, regardless of whether the initial disposition was free of legal error. *Id.* at 168-70.

## NEED FOR COA; JOINT CONSIDERATION OF MOTIONS

Weldon concedes, correctly, that he needs a COA to appeal the disposition of his Rule 60(b)(4) motion, whether it is deemed a true Rule 60(b) motion, *see Spitznas*, 464 F.3d at 1217-18, or a mislabeled second or successive habeas petition, *see United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). But he contends he does not need a COA to appeal the disposition of his motion for declaratory relief, which he insists should not have been disposed of jointly with his Rule 60(b) motion.

Weldon's declaratory-judgment motion overlapped with his Rule 60(b)(4) motion, albeit couched in more general terms. Where his Rule 60(b)(4) motion challenged the procedural bar applied to the substantive-competency claim in his first habeas petition on multiple grounds, his declaratory-judgment motion sought broad legal declarations relating to the same grounds. For example: (1) the Rule 60(b)(4) motion asserted the district court had erred in applying a procedural bar to his substantive-competency claim, while the declaratory-judgment motion sought general declarations as to the inapplicability of procedural bars to such claims; (2) the Rule 60(b)(4) motion argued the district court had erred in using anticipatory procedural bar when the unexhausted substantive-competency claim might still be (and in fact later was) heard on the merits in

6

state postconviction proceedings, while the declaratory-judgment motion sought a general declaration prohibiting the imposition of anticipatory procedural bars that rely on hypothetical state procedural default rulings never actually made by state courts; and (3) the Rule 60(b)(4) motion argued the district court had erred in holding his substantive-competency claim could not be exhausted in state habeas proceedings based on the state courts' (allegedly improper) view that such claims do not entail a jurisdictional defect, while the declaratory-judgment motion sought a general declaration that competency is a jurisdictional prerequisite to a valid plea and conviction.  Moreover, because judgment had long ago been entered in the case, the declaratory-judgment motion required vacatur of the judgment under Rule 60(b) as a precondition for relief. *Cf. United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (holding, for same reason, that motion to amend filed after entry of judgment must be treated "as a combination of a motion to set aside judgment under Rule 60(b) . . . and a motion to then amend under Rule 15").  Under the circumstances, it was appropriate to dispose of the declaratory-judgment motion together with the Rule 60(b)(4) motion.

As for COA, Weldon insists the disposition of his declaratory-judgment motion falls outside the COA requirement in 28 U.S.C. § 2253(c), because it sought general declarations of law rather than specific relief in his habeas case and there is no COA requirement for proceedings under the Declaratory Judgment Act.  We agree the motion was a separate effort to obtain broad legal declarations collateral to his habeas case (albeit for their relevance to the State's procedural-bar defense in that case).  In that respect, it did not trigger the COA requirement, which applies only to a "final order in a habeas

7

proceeding." *Id.* But insofar as the district court's treatment of the motion as a disguised second or successive habeas petition is concerned, the COA requirement is implicated under *Harper*, 545 F.3d at 1233 ("[T]he district court's dismissal of an unauthorized [second or successive] motion is a final order . . . that § 2253 requires [a] petitioner to obtain a COA before he or she may appeal.") (internal quotation marks omitted).

Finally, as alluded to earlier and explained below, we grant Weldon a COA with respect to the district court's disposition of his motions but, upon consideration of his appellate briefing, affirm the district court's order of dismissal. Thus, even if the COA requirement should not apply to any part of this appeal, Weldon would not be prejudiced by the approach we follow here. *See Warrior*, 631 F. App'x at 589 (holding grant of COA, followed by affirmance, obviated need to revisit precedent requiring COA).

## RULE 60(b)(4) MOTION

Weldon's Rule 60(b)(4) motion challenged the disposition of his first habeas petition on the basis of anticipatory procedural bar. The district court held this challenge rendered the motion, in substance, an unauthorized second or successive habeas petition. But we recognized in *Spitznas* that "a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust [or] procedural bar . . . constitutes a true 60(b) motion." 464 F.3d at 1216 (following *Gonzalez*, 545 U.S. at 532 n.4). Thus the district court's ruling in this respect is plainly in error. But that is not the end of our inquiry here. The district court alternatively held Rule 60(b)(4) relief should be denied in any event, because Weldon had not shown the judgment disposing of his first habeas petition was, as the rule requires, "void." That ruling would preclude relief on appeal in

8

any event.  Thus, to maintain a live controversy supporting his appeal, Weldon must also obtain a COA for, and ultimately prevail on, his challenge to this alternative ruling.

Addressing the conditions for relief under Rule 60(b)(4), the Supreme Court has explained that "[a] void judgment is a legal nullity" and that "[a] judgment is not void, for example, simply because it is or may have been erroneous." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (internal quotation marks omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id*. at 271.  Determining whether the district court correctly denied Weldon relief under this standard is a matter that requires us to engage in appellate review of sufficient depth to warrant the grant of a COA.  *See Buck*, 137 S. Ct. at 773.  By the same token, however, the grant of a COA does not in any way constrain a straightforward affirmance upon the exercise of ordinary appellate review.  *See id.* (noting "every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the appellant] will not prevail" (brackets and internal quotation marks omitted)).  We proceed to such review and conclude that Weldon has not demonstrated reversible error in the district court's disposition of his Rule 60(b)(4) motion.

Weldon contends application of a procedural bar to the substantive-competency allegations in his first habeas petition was erroneous for a number of reasons already alluded to, including that it was contrary to then-recent Tenth Circuit precedent, *see, e.g.*,

9

*Sena v. N.M. State Prison*, 109 F.3d 652, 654 (10th Cir. 1997).[3] But, under *Espinosa*, such allegations of legal error do not render the judgment void so as to warrant relief twenty years later under Rule 60(b)(4). And we reject Weldon's efforts to elevate his objections to the status of jurisdictional or due-process defects. A federal habeas court applying a procedural bar, even if in error, is not acting in the absence of jurisdiction over the habeas proceeding. Weldon contends application of the procedural bar deprived him of his due process right to be heard on his substantive-competency claim. He mistakes the opportunity required by due process to argue a claim (which he was given) with a right to prevail on the merits regardless of procedural obstacles. We know of no authority for the notion that procedural-bar rulings—or rulings on such other procedural matters as statute of limitations or exhaustion, which also pretermit relief on the merits of a claim—violate due process and are "void" under Rule 60(b)(4) if they are in error.[4]

Weldon also asserts that enforcement of a conviction arising out of criminal proceedings conducted when a defendant is incompetent violates due process, citing such authorities as *Cooper v. Oklahoma*, 517 U.S. 348 (1996), and *Boykin v. Alabama*, 395 U.S. 238 (1969). We do not disagree that a State may violate a defendant's due-process rights by obtaining a conviction in such circumstances. But the very

---

[3] This court has, since *Sena*, continued to hold that substantive-competency claims are not subject to procedural bar, *see, e.g.*, *Lay*, 860 F.3d at 1315, but other circuits disagree and one Tenth Circuit judge has recently called for a reexamination of our precedent on this point, *id.* at 1318-19 (Briscoe, J., concurring).

[4] Weldon's associated invocation of other constitutional concerns, such as equal protection and suspension of the writ, does not alter out conclusion in this regard.

different issue raised here in connection with Weldon's Rule 60(b)(4) motion is whether *the federal habeas court* violated due process *by denying him relief on such a claim.*[5] Again, we know of no authority for such a proposition.

In sum, Weldon has failed to demonstrate the district court committed reversible error in denying Rule 60(b)(4) relief. We therefore affirm that ruling.

## MOTION FOR DECLARATORY JUDGMENT

Weldon asserts his declaratory-judgment motion was not intended to attack his state conviction or sentence. Rather, he framed the motion to obtain declaratory rulings he could build on to challenge the availability of the State's procedural-bar defense to his substantive-competency claim should he succeed in reopening his habeas proceeding under Rule 60(b)(4). Thus, for reasons similar to those we explained in connection with the latter, the dismissal of the declaratory-judgment motion as an unauthorized second or successive habeas petition would be erroneous. But the motion was clearly subject to summary dismissal on the basis of another plain procedural bar, which we may properly consider here. *See generally Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).

In *Calderon v. Ashmus*, 523 U.S. 740, 747-49 (1998), the Supreme Court held prisoners cannot use the Declaratory Judgment Act to address collateral legal issues relating to habeas proceedings, such as habeas affirmative defenses. That is precisely

---

[5] To the extent, if any, Weldon raised this due process objection not to challenge the procedural disposition of his first habeas proceeding but to directly challenge his state conviction, his motion "assert[ed] or reassert[ed] a federal basis for relief from the underlying conviction" and was properly deemed second or successive. *Spitznas*, 464 F.3d at 1216.

11

what Weldon's declaratory-judgment motion sought to do. By his own assertion, the motion did not seek a conclusive declaration regarding the validity of his conviction or sentence—"[t]he 'case or controversy' actually at stake . . . in [his] individual habeas proceedings," *id.* at 747. Instead, it sought piecemeal declarations of law that would dove-tail with his various objections to the procedural-bar defense successfully raised by the State in his habeas case.[6] Thus, his declaratory-judgment motion fits squarely within the *Calderon* holding: an improper attempt to obtain declarations of law that "would not resolve the entire case or controversy [regarding Weldon's conviction and sentence] . . ., but would merely determine a collateral legal issue governing certain aspects of [his] pending or future [habeas proceedings]." *Id.*[7]

## CONCLUSION

We grant a COA and affirm the dismissal of the motions under review on the legal grounds set out herein.

Entered for the Court
Per Curiam

---

[6] Weldon even asserted that his standing to seek the declaratory rulings was based on their connection to his objections to the State's procedural-bar defense in his habeas case. *See* R. at 95.

[7] To the extent, if any, the motion could be construed as a challenge to his state conviction or sentence, it would be subject to dismissal for two reasons: (1) the Declaratory Judgment Act cannot be used as a substitute for habeas, *see, e.g.*, *Parker v. Reno*, No. 00-6171, 2000 WL 1531772, at *2 (10th Cir. Oct. 17, 2000) (unpublished) (following cases from three circuits); and (2) construed as a habeas petition, it would be second or successive and lack the authorization required under 28 U.S.C. § 2244(b).