FILED
United States Court of Appeals
Tenth Circuit

**November 19, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STERLING B. WILLIAMS,

    Petitioner - Appellant,

v.

MAURICE WARRIOR, Interim Warden,
Oklahoma State Penitentiary,[*]

    Respondent - Appellee.

No. 15-5029
(D.C. No. 4:02-CV-00377-JHP-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **PHILLIPS**, Circuit Judges.
_____

    After we vacated Sterling Williams' conviction for first-degree murder on a

prior appeal, *see Williams v. Trammell*, 539 F. App'x 844 (10th Cir. 2013), the

district court granted a conditional writ ordering his release unless the State timely

initiated proceedings for his retrial. The district court later ordered the habeas case

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Anita Trammell is replaced by Maurice
Warrior, as Interim Warden of the Oklahoma State Penitentiary, effective October 28,
2015.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

closed when the State represented that retrial proceedings had begun in state court.

Contending that the State had not complied with the requirement for timely retrial,

Mr. Williams filed a motion under Fed. R. Civ. P. 60(b) asking the district court to

reopen the case and enforce the conditional writ. The district court denied the motion

and this appeal followed. We affirm the ruling of the district court.

Our precedent requires Mr. Williams to obtain a certificate of appealability

(COA) under 28 U.S.C. § 2253(c) to secure appellate review of the district court's

order denying Rule 60(b) relief. *See Spitznas v. Boone*, 464 F.3d 1213, 12118

(10th Cir. 2006) (holding "it would be illogical that a COA would be required to

appeal from a habeas judgment, but not from the district court's order denying Rule

60(b) relief from such a judgment"). A more recent Supreme Court decision may

lead this court to revisit that precedent at some point.[1] But we need not do so here,

because we hold that reasonable jurists could find the denial of Rule 60(b) relief

debatable under the circumstances (and the petition has already been found to state a

constitutional claim), warranting a COA in any event. *See Slack v. McDaniel*,

---

[1] Three years after *Spitznas*, the Supreme Court held in *Harbison v. Bell*, 556 U.S. 180, 183 (2009), that orders relating to appointment of counsel fell outside the statutory requirement for COA. While that particular holding is not relevant here, the Court based it on a strict reading of the language in 28 U.S.C. § 2253(c)(1)(A) that limits the COA requirement to "final orders that dispose of the merits of a habeas corpus proceeding." Orders denying Rule 60(b) relief are final appealable orders, *Stubblefield v. Windsor Capital Group*, 74 F.3d 990, 993 (10th Cir. 1996), and they arguably dispose of the merits of a habeas proceeding, albeit on a procedural basis, so it appears *Harbison* may not have abrogated *Spitznas* in this respect—at least no published decision of this court has so held. *But cf. Wilson v. Sec. Pa. Dep't of Corr.*, 782 F.3d 110, 115 (3d Cir. 2015) (noting *Harbison* "undermined somewhat" the "vitality" of circuit precedent requiring COA for Rule 60(b) appeal, but not resolving issue because COA was warranted in any event).

2

529 U.S. 473, 484 (2000) (explaining COA standard for procedural ruling). We

therefore grant a COA and, upon full consideration of the arguments in

Mr. Williams' appeal brief, affirm the order of the district court.[2]

The timing of a few procedural matters is important to understanding our

disposition of this appeal. On August 23, 2013, this court remanded the case to the

district court with instructions to conditionally grant the writ "subject to the state's

right to retry Williams within a reasonable time." *Williams*, 539 F. App'x at 856.

The district court effectuated that remand-directive by ordering the writ to issue

unless the State "commence[d] new trial proceedings . . . within 180 days of [October

23, 2013]." Aplt. App. at 37. Some ninety days later, on January 22, 2014, the state

trial court appointed counsel and scheduled dates for a status conference (March 18,

2014), discovery hearing (August 26, 2014), pre-trial conference (September 30,

2014), and jury trial (November 23, 2014). The State reported this information to the

district court on March 5, 2014, in conjunction with a motion to close the habeas case

based on its compliance with the temporal condition imposed on its right to retry

Mr. Williams.[3] On March 10, 2014, the district court granted the motion and closed

the case, "find[ing] that the State of Oklahoma has complied with the Court's Order

by commencing new trial proceedings." *Id.* at 60.

---

[2] Because we conclude that the arguments advanced by Mr. Williams ultimately do not warrant appellate relief, we have not ordered the State to file an answer brief.

[3] The State evidently waited to file its motion to close until the Supreme Court denied its petition for a writ of certiorari from our decision on Mr. Williams's prior appeal. *See Trammell v. Williams*, 134 S. Ct. 1492 (2014).

As it happened, the State had served the motion to close on Mr. Williams but not his habeas counsel (who should have been served, *see* Fed. R. Civ. P. 5(b)(1)) and, according to Mr. Williams, he did not receive the motion until the day after it was granted. He later retained new counsel who, on September 23, 2014, filed a Rule 60(b) motion asserting that (1) closing the habeas case without affording Mr. Williams an opportunity to respond to the State's motion violated his due process rights, and (2) had Mr. Williams been given an opportunity to respond, he would have argued that the actions of the state trial court did not constitute "commencement of trial proceedings" and, consequently, the State had failed to comply with the condition imposed on its right to retry Mr. Williams. Aplt. App. at 63 (emphasis omitted). He insisted that the district court's reference to commencement of "trial proceedings" required commencement of actual trial because of this court's use of the word "retry" in our remand order. And, citing *Gomez v. United States*, 490 U.S. 858, 872-73 (1989), he argued that trial commences "when *voir dire* begins"—which had not taken place within the 180-day period specified. Aplt. App. at 63.

The district court denied the Rule 60(b) motion, holding that "because the State has taken affirmative steps to commence and diligently and expeditiously pursue the reprosecution of Petitioner, the State has been and continues to be in compliance with the Court's Order requiring commencement of new trial proceedings." *Id.* at 111. The district court explained that *Gomez*, which dealt with a magistrate judge's authority to conduct *voir dire*, was inapposite. In particular, the passage cited by Mr. Williams commented on such extraneous matters as when trial

4

begins for purposes of double jeopardy (when the jury is empanelled and sworn) and whether *voir dire* is a critical stage of criminal proceedings triggering a defendant's right to be present—specialized constitutional inquiries that were not involved in the district court's enforcement of its order conditionally granting the writ. *See id.* at 110-11. Rather, "[w]ith respect to the commencement of new trial proceedings, [that] Order was intended to encompass all aspects of a reprosecution," not the date trial itself was to commence. *Id.* at 111.

The district court did not address separately Mr. Williams' due process objection about the lack of an opportunity to respond to the State's motion to close. But given the district court's rejection of his underlying claim that the State had failed to comply with the condition imposed on its right to retry him—a claim by then advanced and fully briefed on Mr. Williams' behalf by counsel—we can safely assume the district court tacitly concluded that any procedural error with respect to the initial handling of the motion to close was harmless.

Before addressing the objections Mr. Williams advances in his appeal brief, we clarify an important point about the language used by this court in our prior remand and by the district court in its order effectuating that remand. We directed that the writ be conditionally granted subject to the State's right, within a *reasonable time*, to *retry* Mr. Williams. The district court was left to translate this general directive into operative terms, which it did by specifying that the State had *180 days* to begin *trial proceedings* against Mr. Williams. Given the reduction of the broadly stated deadline to a strictly delimited 180 days, it is not surprising—particularly in

5

the case of a first-degree murder prosecution—that this temporal condition would be linked to the commencement of proceedings leading to retrial, rather than the start of trial itself. That was, in fact, the intent of the district court, as it explained when rejecting Williams' position that the reference to trial proceedings equated with actual retrial. This of course does not answer whether the district court properly translated our remand-directive, but Mr. Williams has not specifically raised an objection in that regard on appeal. And even if he had, we would hold that the district court did not abuse its broad discretion in framing the particular terms of the writ it was directed to grant on remand from Mr. Williams' prior appeal. *See generally Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (noting district court's "broad discretion to craft appropriate habeas relief" and our deferential review of its exercise of that discretion).

The two issues Mr. Williams seeks to raise on appeal need not detain us long. He first contends that the procedural error in not affording him an opportunity to oppose the State's motion to close was of such a fundamental nature that he should be afforded relief regardless of the lack of any demonstrable prejudice. He cites no relevant authority for that point, and, in fact, our precedent is squarely to the contrary. In *Stanko v. Davis*, 617 F.3d 1262, 1271 (10th Cir. 2010), we held that an initial failure to provide a petitioner notice and an opportunity to oppose dismissal of his habeas petition was harmless error given his subsequent opportunity to argue the matter on appeal. *See generally G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 832 (10th Cir. 1990) (noting due process violations may be cured by subsequent

6

provision of adequate process). Mr. Williams has had the opportunity to oppose the closing of his habeas case in his Rule 60(b) motion, his response to the State's reply to the motion, and his brief on this appeal. The due process error he complains of has been rendered harmless by subsequent curative actions.

Mr. Williams also contends that his Sixth Amendment right to speedy trial has been denied. He did not advance this contention in the district court and he has not argued that he would be entitled to relief for plain error. Under our precedent, the point is therefore forfeited, *Martinez v. Angel Exploration, LLC*, 798 F.3d 968, 974 (10th Cir. 2015), and we therefore decline to consider it as a basis for granting a COA, *see, e.g., United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012).

For the reasons stated above, we grant a COA and affirm the order of the district court.

Entered for the Court

Timothy M. Tymkovich
Chief Judge

7