**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARLO TOOMBS,

    Defendant - Appellant.

No. 17-3141
(D.C. Nos. 2:10-CR-20009-CM-1 &
2:14-CV-02380-CM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Marlo Toombs, a federal prisoner proceeding pro se, filed a motion for relief under 28 U.S.C. § 2255, which the district court denied. The district court subsequently dismissed in part and denied in part Toombs's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) and dismissed his motion for reconsideration. Toombs has appealed from the district court's decisions on these motions and has filed a combined appellate brief/application for a certificate of appealability (COA). For the reasons that follow, we deny a COA on all issues, with

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the exception of two procedural rulings related to the denial of the § 2255 motion. We grant a COA as to those two rulings. Upon full consideration of Toombs's appellate brief, however, we affirm the district court's denial of Toombs's § 2255 motion.[1] *See*, *e.g.*, *Weldon v. Pacheco*, --- F. App'x ---, No. 17-8030, 2017 WL 5125555, at *1 (10th Cir. Nov. 6, 2017) (granting COA and affirming "[u]pon full consideration of [petitioner's] appellate brief); *Williams v. Warrior*, 631 F. App'x 587, 589 (10th Cir. 2015) (same).

## I.

In April 2006, Toombs and a co-defendant, Arlynda Osborn, were indicted for various firearms and drug offenses. Toombs was initially represented by the Federal Public Defender's Office, but then, in June 2006, he retained Daniel Ross and Ray Sousley to represent him. In August 2007, Toombs fired Ross and Sousley and hired Melanie Morgan to represent him. Toombs's trial began in March 2008.

From the time Toombs was arraigned in May 2006 until his trial in March 2008, the district court granted nine continuances. Prior to trial, Toombs filed two motions related to the delay in starting his trial. He first moved to dismiss the indictment, alleging a violation of his Sixth Amendment right to a speedy trial. In his second motion, he alleged that the district court violated the Speedy Trial Act by failing to make sufficient factual findings to support its seven ends-of-justice continuances. The district court denied both motions and the case proceeded to trial.

---

[1] Because we conclude that the arguments advanced by Toombs ultimately do not warrant appellate relief, we have not ordered the government to file a response brief.

The jury found Toombs guilty on all counts and the district court sentenced him to thirty-five years' imprisonment.

Toombs appealed. We affirmed the district court's denial of the motion to dismiss on Sixth Amendment speedy trial grounds concluding in part that Mr. Toombs could not avail himself of a presumption of prejudice, and could not make a particularized showing of prejudice, that he was not able to defend due to the lack of a specific witness or evidence. *United States v. Toombs*, 574 F.3d 1262, 1275 (10th Cir. 2009) (*Toombs I*). However, we reversed the district court's denial of the motion to dismiss for violations of the Speedy Trial Act. *Id. at 1276*. We remanded for the district court to consider whether to dismiss the indictment with or without prejudice. *Id.*

On remand, the district court determined that the indictment should be dismissed without prejudice. Toombs was re-indicted and his case proceeded to a second trial. The jury found Toombs guilty on six of the seven counts with which he was charged. The district court sentenced Toombs to thirty years in prison.

Toombs appealed. He argued that the district court erred in admitting his testimony from the first trial and dismissing the indictment without prejudice on remand after his first appeal. We concluded that the district court erred by not evaluating Toombs's prior trial testimony under the Federal Rules of Evidence before admitting it into evidence. *United States v. Toombs*, 713 F.3d 1273, 1279 (10th Cir. 2013) (*Toombs II*). But we further concluded that reversal of Toombs's convictions was not warranted because any error in admitting his prior testimony was harmless

3

given that "the record contained[ed] ample additional evidence of [his] guilt" and the court gave adequate limiting instructions. *Id.*

Toombs subsequently filed a § 2255 motion in which he raised six claims for relief. The district court denied the motion, resolving four claims on procedural grounds and two on the merits.

In his first and sixth claims for relief, Toombs alleged that Ross and Sousley were constitutionally ineffective in representing him during the pre-trial phase of his first trial before he retained Morgan to represent him. The district court concluded that those claims "[were] not properly before the court." R., Vol. 4 at 173. The district court stated that the claims against Ross and Sousley were "foreclosed" because the relief Toombs sought had already been realized through his direct appeal when his first indictment was dismissed. The court therefore stated that "[it would] not address Toombs's claims against Ross and Sousley." *Id.*

In his second and fourth claims for relief, Toombs asserted that Morgan was constitutionally ineffective in litigating the speedy trial issues that resulted in the district court dismissing the first indictment without prejudice. He also asserted that Morgan was constitutionally ineffective for not asking for a mistrial (1) after a reference was made to his prior trial in violation of the court's instruction and (2) after the government made a prejudicial reference in its opening statement to a letter he had written. In considering these claims, the district court stated: "[t]hese arguments . . . were raised and disposed of on direct appeal" and "[c]laims raised and disposed of on direct appeal cannot be reasserted in a § 2255 motion." *Id.* at 174.

4

The court then addressed the merits of Toombs's third and fifth claims for relief. In his third claim for relief, Toombs argued that Morgan was constitutionally ineffective for various reasons at all stages of his proceedings—trial, sentencing, and appeal. In his fifth claim for relief, he asserted that Morgan was constitutionally ineffective for failing to properly challenge the government's conduct at trial. The court considered the standards for assessing counsel's performance under *Strickland v. Washington*, 466 U.S. 668 (1984), and concluded that Toombs had failed to overcome the presumption that his trial counsel's performance was objectively reasonable. The court also noted in a footnote that "[e]ven if Toombs could somehow show that Morgan was ineffective, it is unlikely those errors prejudiced him," referencing our statement in *Toombs II*, that "[t]he record contains ample additional evidence of Toombs' guilt," and concluding that "[i]t is unlikely that, but for the errors Toombs asserts, the result of the proceeding would have been different." R., Vol. 4 at 174 n.2 (internal quotation marks omitted).

After the district court denied the § 2255 motion, Toombs filed his Rule 59 motion to alter or amend the judgment. The district court determined that his first argument—that the court failed to address Toombs's claims for ineffective assistance of counsel against Ross and Sousley—should be construed as an unauthorized second or successive § 2255 claim and dismissed for lack of jurisdiction. The court determined that the other arguments, which alleged that: (1) the court improperly accepted the government's misinterpretation of Toombs's claims, (2) did not allow Toombs to file supplementary/clarifying materials to support his § 2255 motion, and

5

(3) denied Toombs's request for an extension to file a reply brief, did not provide a basis for relief under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure and denied them. Toombs next filed a motion for reconsideration, which the district court treated as an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.

## II.

We first address Toombs's request for a COA on the two procedural rulings from the denial of his § 2255 motion. When a procedural ruling is involved, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In applying *Slack*, we "only take a quick look at the federal habeas petition to determine whether [the petitioner] has facially alleged the denial of a constitutional right." *Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (internal quotation marks and brackets omitted); *see also e.g*., *Paredes v. Atherton*, 224 F.3d 1160, 1161 (10th Cir. 2000).

A. *Claims for ineffective assistance of counsel (Ross and Sousley)*

The district court explained that Toombs's claims of ineffective assistance of counsel related to Ross and Sousley were "not properly before the court" and therefore it would "not address Toombs's claims against Ross and Sousley." R., Vol. 4 at 173. The district court stated that the claims against Ross and Sousley

6

were foreclosed because the relief Toombs sought had already been realized through his direct appeal when his first indictment was dismissed.

Toombs argues that the district court erred in refusing to address his claims that Ross and Sousley were constitutionally ineffective and in categorizing those claims as foreclosed. He asserts that a second indictment does not foreclose errors of a constitutional magnitude and the two trials are considered the same proceeding.

We conclude that the district court's procedural ruling on these claims is reasonably debatable. Toombs's first indictment was dismissed without prejudice. He was then re-indicted, re-tried, re-convicted and re-sentenced. We have explained that for the purpose of evaluating whether a defendant was prejudiced by an attorney's deficient performance, that prejudice is determined by looking at the outcome of the full criminal proceeding, not the outcome of a particular indictment. *See United States v. Rushin*, 642 F.3d 1299, 1309-10 (10th Cir. 2011). Under such an approach, the issue becomes "whether there is a reasonable probability that the ultimate result of the criminal proceedings against [a defendant] would have been different." *Id*. at 1312 (Holmes, J., concurring).

*Rushin* arguably supports the proposition that the dismissal of Toombs's first indictment without prejudice would not foreclose his claims against Ross and Sousley because it was not the outcome or result of his full criminal proceeding. Because reasonable jurists could debate the correctness of the district court's procedural ruling and Toombs has facially alleged the violation of a constitutional right, we grant a COA on this ground.

7

Assuming without deciding that the district court's procedural ruling was incorrect, we conclude that remand would be futile because we can affirm the district court's decision on alternate grounds. To establish ineffective assistance of counsel, a defendant must show his counsel's performance was constitutionally deficient and that counsel's deficient performance was prejudicial. *Strickland*, 466 U.S. at 687. We "may address the performance and prejudice components in any order, [and] need not address both if [petitioner] fails to make a sufficient showing of one." *Boltz v. Mullin*, 415 F.3d 1215, 1222 (10th Cir. 2005) (internal quotation marks omitted) (second alteration in original).

Toombs asserts on appeal that Ross and Sousley abandoned him and that "[h]e had, what amounted to, no representation for an entire year." Aplt. Op. Br./COA App. at 14. He further asserts that Ross and Sousley's deficient performance during the "critical pre-trial stages . . . tainted the disposition of the subsequent proceedings," *id*. at 13, and "the second indictment did not neutralize the taint," *id*. at 14. Although he provides legal authority to support general propositions regarding ineffective assistance of counsel during the pre-trial stage, he does not tie that legal authority to record evidence in his case, nor does he offer any explanation as to how Ross and Sousley's allegedly deficient performance during a portion of the pre-trial period prior to his first trial affected the outcome of his entire criminal proceeding. *See id*. at 13-15. He ends his argument on these claims with the vague statement that "[i]n many instances of the case sub judice, an earlier error became a catalyst for later errors that may have appeared unrelated." *Id*. at 15. But what those errors

8

might be and how they may have affected the outcome of his criminal proceeding, Toombs fails to explain. That failure proves fatal to his claim that Ross and Sousley provided ineffective assistance of counsel.

We decline to address the performance prong of the *Strickland* test because Toombs's claim fails on the prejudice prong. He has failed to "demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of [his criminal] proceeding would have been different." *Rushin*, 642 F.3d at 1309 (internal quotation marks omitted). Accordingly, we affirm the district court's denial of Toombs's claims that Ross and Sousley provided ineffective assistance of counsel.

B. *Claims for ineffective assistance of counsel (Morgan)*

The district court ruled that two of Toombs's claims for ineffective assistance of counsel relating to Morgan's representation were barred because Toombs had raised them on appeal. The district court stated:

> Toombs asserts Morgan provided ineffective assistance for failing to succeed on a claim that his speedy trial rights were violated and for failing to move for a mistrial when the court ruled his prior (first) trial testimony was admissible. These arguments, however, were raised and disposed of on direct appeal. Claims raised and disposed of on direct appeal cannot be reasserted in a § 2255 motion.

R., Vol. 4 at 173-74 (citation omitted).

In his request for COA, Toombs argues that the court erred in denying these ineffective-assistance claims because "it incorrectly categorized them as arguments 'raised and disposed of on direct appeal' (Doc. 119)." Aplt. Op. Br./COA App. at 15. He asserts that he "did **not** raise a mistrial issue on direct appeal." *Id.* And he

9

further asserts that the court erroneously classified his claims regarding the speedy trial violation because "what [he] raised in his § 2255 motion were <u>ineffective assistance of counsel</u> claims in regards to his speedy trial violation." *Id*. at 17.

We earlier set out the claims raised in Toombs's direct appeals and they do not encompass ineffective assistance of counsel claims, which is not surprising given that most of these claims should be considered in collateral proceedings under 28 U.S.C. § 2255. *United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995).

Because Toombs has raised a facially valid claim for the denial of his Sixth Amendment right to effective counsel, and the district court erred in its procedural ruling that Toombs's claims were barred because he had raised them on direct appeal, we grant a COA. We conclude, however, that remand would be futile because we can affirm the district court's decision on alternate grounds.

### 1. Mistrial claims

Toombs asserts that the district court referenced the wrong mistrial motion and failed to note that he raised two mistrial claims. Toombs acknowledges that Morgan did move for a mistrial when the district court decided to admit his prior trial testimony. But he contends that he asserted two different mistrial claims in his § 2255 motion.

He first argues that Morgan was ineffective for failing to move for a mistrial when, during the reading of his prior trial testimony, the reader (Officer Vogel) "made reference to the prior trial in the presence of the jury." Aplt. Op. Br./COA App. at 15. Toombs asserts that "[t]he court had **predetermined** that any mention of

10

a prior trial is prejudicial and took great care to excise all references of a prior trial even if it chops the language." *Id*.

Although the district court did request that the government "assure the court that [there are] no references to the first trial in the reading of the transcript [from the prior trial]," R., Vol. 2 at 768, the court did not make any express determination as to the prejudicial impact of any such references. Before reading the transcript to the jury, the government indicated its belief that it had excised all references to the prior trial, but it later noted for the record "that even though we excised certain portions of the transcript, apparently, there was an error by our reader, Officer Vogel, and he did refer to the fact that there was a . . . previous trial." *Id*. at 1166. Toombs does not explain how the fact that the jury heard an isolated reference to a prior trial is sufficiently prejudicial to outweigh the other evidence of guilt. *See Toombs II*, 713 F.3d at 1279 (holding that any error in admitting Toombs's prior trial testimony was harmless because "[t]he record contains ample additional evidence of guilt"). Toombs has not demonstrated a reasonable probability that, but for Morgan's failure to move for a mistrial after the admission of this stray reference to his prior trial, the outcome of his criminal proceeding would have been different.

Toombs's second mistrial claim relates to a reference the government made in its opening statement to a letter that Toombs wrote to Osborn. Toombs asserted in his § 2255 motion that from the government's reference to the letter in its opening statement, "[t]he Jury could infer that they were going to see evidence of an admission of guilt and cowardice on my part." R., Vol. 4 at 79-80. Although

11

Toombs conceded that "[t]he Prosecutor failed to present evidence to support either claim," he also made the conclusory assertion that "[t]hese statements . . . had a profound effect on the trial because of how the Government presented [it's] case." *Id*. at 80. He argues that the prejudicial remarks in the government's opening statement were in bad faith and were grounds for a mistrial, but he acknowledges that Morgan "successfully challenged the admission of the letter because it was prejudicial," Aplt. Op. Br./COA App. at 17, and the court gave a limiting instruction to the jury that the opening statements were not evidence. Toombs has therefore failed to demonstrate a reasonable probability that any alleged error in Morgan failing to move for a mistrial under these circumstances would have changed the outcome of his criminal proceeding.

### 2. Speedy trial claim

Toombs asserts that Morgan failed to do enough to challenge the speedy trial issues from his first trial and that he was prejudiced by her failings. After this court decided *Toombs I* and remanded to the district court, Morgan filed a motion arguing that the indictment should be dismissed with prejudice. The district court disagreed and dismissed the indictment without prejudice. Toombs was re-indicted and re-convicted.

Morgan then argued on appeal that the district court abused its discretion in dismissing the indictment without prejudice. But we concluded in *Toombs II* that the district court had not abused its discretion in dismissing the indictment without prejudice. 713 F.3d at 1281. Although Toombs makes conclusory allegations that

Morgan failed to present evidence of the government's dilatory conduct, he has not presented any facts that would support his assertions. He has failed to demonstrate a reasonable probability that any of Morgan's alleged errors related to the motion to dismiss would have changed the district court's decision to dismiss the indictment without prejudice—a decision that this court affirmed on appeal in *Toombs II*.

### III.

We next turn to Toombs's remaining requests for COA related to his § 2255 motion, his Rule 59 motion, and his motion for reconsideration. We will grant a COA only if Toombs makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard when seeking review of a merits ruling, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Toombs raised two other claims in his § 2255 motion regarding Morgan's alleged ineffective assistance of counsel. Toombs first asserted that Morgan was ineffective for various reasons at his trial, sentencing, and on appeal. In a separate claim, he asserted that she failed to properly challenge the government's misconduct during trial. The district court denied these claims after concluding that Toombs had failed to overcome the presumption that his trial counsel's performance was objectively reasonable. The court further noted that even if counsel's performance had been deficient in some way, Toombs could not demonstrate that the errors

prejudiced him.  Toombs has failed to show that the district court's resolution of these claims is reasonably debatable.  We therefore deny his request for a COA.

Toombs also requests a COA with respect to three rulings related to the denial of his Rule 59 motion and the ruling denying his motion for reconsideration.  Two of the COA requests relate to the district court's merits rulings denying Toombs's request for Rule 59 relief in which he argued:  (1) the court did not fully understand his § 2255 claims because it relied on and adopted the government's misinterpretation of his claims; (2) he should have been allowed to file supplemental/clarifying materials; and (3) the court erred in denying his request to file a reply.  The court concluded that these arguments did not establish a basis to alter or amend the judgment under Rule 59 or Rule 60.  Reasonable jurists could not debate the district court's resolution of these arguments.

In his Rule 59 motion and motion for reconsideration, Toombs also argued that the district court erred in failing to address the merits of his claims that Ross and Sousley provided ineffective assistance of counsel.  The district court dismissed those arguments as asserting unauthorized second or successive § 2255 claims.  We deny as moot Toombs's request for a COA as to those procedural rulings.  The relief Toombs sought was to have the district court rule on the merits of his claims for ineffective assistance of counsel as to Ross and Sousley.  We have addressed the merits of those claims in this appeal and we have affirmed the district court's denial of § 2255 relief.  Accordingly, even if a COA were warranted as to those procedural rulings, there is no relief we could grant Toombs on appeal.

14

IV.

For the foregoing reasons, we grant a COA on the two procedural rulings in the district court's denial of Toombs's § 2255 motion and affirm the district court's judgment denying relief.  We deny a COA as to the remaining issues.  We also deny Toombs's motion for leave to file a supplemental brief.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge