FILED
United States Court of Appeals
Tenth Circuit

March 19, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTOPHER CRAIG,

    Defendant - Appellant.

No. 17-3251
(D.C. Nos. 2:17-CV-02161-KHV and
2:12-CR-20141-KHV-18)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

    Christopher Craig seeks a certificate of appealability ("COA") to appeal the

denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

**I**

    Craig pled guilty to one count of conspiring to manufacture, possess with

intent to distribute, and distribute cocaine, cocaine base, and marijuana, and to

maintain drug-involved premises; and two counts of using a communication facility

to commit this conspiracy. As to the first count, the indictment alleged that Craig

was responsible for 500 grams or more of cocaine and 280 grams or more of cocaine

base. In pleading guilty, Craig acknowledged that he was waiving trial and its

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

attendant rights, that he faced a potential life sentence, and that the court would be responsible for calculating and applying the U.S. Sentencing Guidelines. Craig also signed a detailed factual basis in support of guilty plea, which states that he was part of a large-scale drug conspiracy that distributed over five kilograms of cocaine and 280 grams of cocaine base.

At Craig's change of plea hearing, he stated that he read the indictment, understood his rights, and admitted to "all of the facts contained in the charge." Craig also acknowledged that although his attorney had estimated a Guidelines range, nobody could state with certainty what his range would ultimately be. The court explained that certain factors "could have a huge effect" on the Guidelines calculation. Craig again admitted to the facts contained in the factual basis document. Over Craig's objections, the district court applied several sentencing enhancements resulting in a recommended Guidelines sentence of life imprisonment. It imposed a life sentence. On direct appeal, we rejected Craig's challenges to the district court's sentencing determinations. United States v. Craig, 808 F.3d 1249, 1263 (10th Cir. 2015).

Craig then filed a § 2255 motion raising seven claims. The district court denied the motion. Craig filed a motion under Fed. R. Civ. P. 60(b) and a motion to amend. The district court denied the Rule 60(b) motion and dismissed the proffered amended § 2255 motion as second or successive. Craig filed a timely notice of appeal.

## II

A movant may not appeal the denial of habeas relief under § 2255 without a COA. 28 U.S.C. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard requires Craig to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Craig first argues that the district court denied him a fair opportunity to litigate his claims. He contends that he sent a reply and a motion to amend to the district court, but the documents were never filed. However, Craig submitted these documents with his Rule 60(b) motion. The district court reviewed those materials and concluded they would not have affected the outcome.[1] Because Craig had the opportunity to advance his arguments in the Rule 60(b) motion, any error would be harmless. See Williams v. Warrior, 631 F. App'x 587, 591 (10th Cir. 2015) (unpublished).

On the merits, Craig argues that the district court improperly dismissed three of his ineffective assistance of counsel sub-claims. To succeed on an ineffective assistance claim, a prisoner must establish "that counsel made errors so serious that

---

[1] Craig states that the district court held that it lacked jurisdiction over the Rule 60(b) motion. This is incorrect. The district court denied that motion on the merits, concluding it was a "true" Rule 60(b) motion. It dismissed his post-judgment request for leave to amend for lack of jurisdiction. We affirm that dismissal. See United States v. Nelson, 465 F.3d 1145, 1148-49 (10th Cir. 2006).

counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Craig's first two arguments are related. He contends that counsel was ineffective for failing to challenge the statutory sentencing range prior to Craig's plea, and that counsel was ineffective for failing to raise the same issue at sentencing or on appeal. Both arguments rest on the premise that the record lacks a factual basis regarding drug quantity. This premise is mistaken. During the plea colloquy, Craig admitted to "all of the facts contained in the charge." See United States v. Kelsey, 15 F.3d 152, 153 (10th Cir. 1994) ("A plea of guilty is the equivalent of admitting all material facts alleged in the charge."). And the indictment alleged cocaine and cocaine-base quantities specific to Craig. The cocaine-base quantity corresponds to the sentencing range imposed, ten years to life. § 841(b)(1)(A)(iii). Accordingly counsel was not ineffective for failing to raise this argument.

In addition, Craig argues that counsel was ineffective for misadvising him as to the operation of the Guidelines. We have previously explained that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." United States v. Gigley, 213 F.3d 509, 517 n.3 (10th Cir. 2000). Moreover, the district court thoroughly explained to Craig in open court that his

4

attorney's Guidelines estimate could be wrong, and that certain factors could dramatically alter his advisory range. Accordingly, Craig has not demonstrated prejudice. See United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993).

Finally, Craig contends the district court should have held an evidentiary hearing. We review the denial of an evidentiary hearing for abuse of discretion. United States v. Clingman, 288 F.3d 1183, 1187 n.4 (10th Cir. 2002). Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no hearing was required. § 2255(b).

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. We **GRANT** Craig's motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge

5